Filed 5/16/14  Bellars v. Regents of the University of California CA4/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| RICHARD BELLARS, | D065129, D065455 |
| Plaintiff and Appellant, | |
| v. | (Super. Ct. No. 37-2012-00103146-CU-OE-CTL) |
| REGENTS OF THE UNIVERSITY OF CALIFORNIA et al., | |
| Defendants and Respondents. | |


APPEAL from an order and judgment of the Superior Court of San Diego County, Randa Trapp, Judge.  Reversed and remanded with directions.


Appellant Richard Bellars, M.D., an anesthesiologist and University of California faculty member, sued the Regents of the University of California and Shannon Chavez, M.D. (together, Respondents), alleging invasion of privacy.  Respondents filed an anti-SLAPP motion (Code Civ. Proc.,[1] § 425.16) arguing that their challenged actions were part of peer review proceedings.  Bellars opposed the motion, arguing that the actions

---

[1]    All further statutory references are to the Code of Civil Procedure.

were outside of those proceedings.  In April 2013, the superior court granted Respondents' anti-SLAPP motion.  In November, the court granted Respondents' motion for $90,194 in attorneys' fees.  In January 2014, the court entered judgment.

In December 2013, Bellars filed a notice of appeal of the November fee award (D065129).  In February 2014, he filed a notice of appeal of the January judgment (D065455).  After Bellars filed his notices of appeal, the parties reached a settlement.  In April, the parties filed the instant joint motion to vacate judgment due to settlement. (§ 128, subd. (a)(8).)  They stipulate to the reversal of the attorneys' fees order and dismissal with prejudice of the entire case.

"An appellate court shall not reverse or vacate a duly entered judgment upon an agreement or stipulation of the parties unless the court finds both of the following:  (A) There is no reasonable possibility that the interests of nonparties or the public will be adversely affected by the reversal.  (B) The reasons of the parties for requesting reversal outweigh the erosion of public trust that may result from the nullification of a judgment and the risk that the availability of stipulated reversal will reduce the incentive for pretrial settlement."  (§ 128, subd. (a)(8).)

Our independent review of the record leads us to conclude we should accept the stipulation.  The order and judgment at issue are the result of the granting of an anti-SLAPP motion, not an adjudication on the merits.  The parties' settlement agreement is not confidential.  Bellars remains employed by the University of California.  The status of his medical license is a matter of public record.

2

## DISPOSITION

The attorneys' fee order and the judgment are reversed.  The case is remanded to the superior court so that it may enter a dismissal with prejudice of the entire case.  Each party shall bear their own costs on appeal.

BENKE, Acting P. J.

WE CONCUR:

McINTYRE, J.

O'ROURKE, J.

3